IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES POWERS, on his own behalf and on behalf of the class defined herein, and CYNTHIA ANN POWERS,** | : | **CIVIL ACTION** |
| | : | |
| | : | **NO. 06-2993** |
| | : | |
| | : | |
| v. | : | |
| | : | |
| **LYCOMING ENGINES, a Division of AVCO CORPORATION; AVCO CORPORATION; and TEXTRON, INC.** | : | |
| | : | |
| | : | |
| | : | |
| **PLANE TIME, LLC, on its own behalf and on behalf of others similarly situated,** | : | **CIVIL ACTION** |
| | : | |
| | : | **NO. 06-4228** |
| v. | : | |
| | : | |
| **LYCOMING ENGINES, a Division of AVCO CORPORATION; AVCO CORPORATION; and TEXTRON, INC.** | : | |
| | : | |
| | : | |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                                    **September 11, 2007**

In this consolidated putative class action alleging that the defendant Lycoming Engines, a division of the defendant Avco Corporation, designed and built defective crankshafts in aircraft engines that were installed in planes purchased by the proposed class members, the defendants have filed a motion to dismiss based on four grounds. They contend that: (1) the plaintiffs lack standing because they have not alleged any actual or imminent injury or damage; (2) the plaintiffs failed to state a claim for unjust enrichment; (3) the claims are time-barred; and, (4) the plaintiffs have failed to allege any basis for

which Textron, Inc. can be held liable.[1]

## Factual and Procedural Background

On February 21 and April 11, 2006, Lycoming issued two Mandatory Service Bulletins ("MSB"), 569 and 569A, requiring owners of engines to retire and replace potentially defective crankshafts that were manufactured between 1997 and 2002. The Federal Aviation Administration ("FAA") then issued an Airworthiness Directive ("AD") mandating replacement of the same crankshafts addressed in MSB 569A. The FAA concluded that the subject crankshafts were "unsafe" and warned that if they are not replaced, they will "result in total engine power loss, in-flight engine failure, and possible loss of the aircraft." The AD set a crankshaft replacement deadline of the earliest of the next separation of the engine crankcase, the next engine overhaul, or twelve years from the date the crankshaft first entered service or was last overhauled.

Lycoming refuses to pay all costs associated with replacing the crankshafts. It will replace the crankshafts for free if the owners have the engines overhauled at a Lycoming facility in Pennsylvania, or will pay $14,000 of a $16,000 price for a "crankshaft and parts" kit for owners who have the crankshafts replaced elsewhere. It will not pay costs for labor, shipping, alternative transportation, loss of use or other incidental costs regardless of where and by whom the replacement is done. The damages sought include the cost of crankshaft replacement, labor, transportation, storage, insurance, loss of the use of the aircraft, and the diminished value of the aircraft with engines containing the defective

---

[1] In their initial motion to dismiss, the defendants moved to dismiss the plaintiffs' claims of negligence and violation of state unfair trade practices statutes for failure to state a claim upon which relief can be granted. Because the plaintiffs subsequently withdrew these claims, they are no longer at issue.

crankshafts.

Plaintiff Charles Powers filed his initial complaint on July 10, 2006, in which he sought to represent himself and a class of other purchasers of aircraft containing engines with crankshafts subject to MSBs 569 and 569A. In his initial complaint, Powers asserted claims of negligence, unjust enrichment and violation of state unfair trade practices statutes.

Plaintiff John Car, in his capacity as "beneficial owner" of an aircraft containing a crankshaft subject to MSBs 569 and 569A, filed his complaint on September 21, 2006, on behalf of himself and all others similarly situated, except California residents, asserting claims of negligence and unjust enrichment.

Before the two cases were consolidated, the defendants moved to dismiss the *Powers* complaint on September 11, 2006. After the two cases were consolidated, the motion to dismiss was deemed to be applicable to both cases.

The plaintiffs filed an Amended Consolidated Complaint, which added Cynthia Powers as a plaintiff; substituted Plane Time, LLC for John Car as a plaintiff; deleted the negligence claim; and, added causes of action for breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose. The consumer protection and unjust enrichment causes of action were retained in the amended complaint. The plaintiffs later withdrew the claims for breach of implied warranty of fitness for a particular purpose[2] and for violations of unfair trade practices,[3] leaving only the unjust

---

[2] *See Pls.' Supplemental Mem. in Support of Mot. for Class Certification* (Doc. No. 62) at 1 n. 1.

[3] *See Pls.' Notice of Voluntary Dismissal of Third Cause of Action* (Doc. No. 98).

enrichment and breach of warranty of merchantability causes of action.

## Standing and Ripeness

The jurisdiction of federal courts is limited to actual cases or controversies. Article III of the Constitution requires that a plaintiff either have suffered an actual injury or faces an imminent injury as a result of the defendant's conduct. *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006); *Natural Res. Def. Council v. Texaco*, 2 F.3d 493, 505 (3d Cir. 1993). The injury must be real and imminent. *Taliaferro*, 458 F.3d at 188. To qualify as a threatened injury, the future injury must be one that is likely to occur. *Id.*

The defendants argue that the plaintiffs have not satisfied the actual or imminent injury element because they have not alleged that they have been in an aircraft accident, suffered personal injury, suffered property damage, or incurred or paid any costs because of a defect in a Lycoming engine or crankshaft. According to the defendants, the damages are speculative future injuries, and not actual, imminent injuries-in-fact.

Defendants also argue that the plaintiffs' claims are not ripe because they "rest on contingent future events that may not occur at all." They contend that because the Powers' plaintiffs may no longer own their plane when compliance with the AD is due, they may never have to comply with the AD; and because the plaintiffs and other putative class members can receive a free replacement crankshaft from Lycoming if they get their next engine overhaul performed at a Lycoming facility by February of 2009, the plaintiffs can avoid injury, rendering their claims unripe.

The plaintiffs have standing and their claims are ripe. The alleged injuries are not contingent. The AD's requirement that the plaintiffs replace the subject crankshaft encumbers the planes they own and diminishes the value of their aircraft containing the

defective engines, which are present injuries. Although the Powers plaintiffs have not yet incurred the costs of replacing the crankshaft, it is certain that they will when it is replaced as required. If their plane is sold prior to having the crankshaft replaced, the Powers plaintiffs will not incur replacement costs, but will suffer a dimunition in the plane's resale value. If the crankshaft is replaced prior to selling the aircraft, the owners will incur damages for replacing the crankshaft. Thus, the plaintiffs have satisfied the injury-in-fact element for standing.

For the same reasons they have standing, the plaintiffs' claims are ripe. Even if the Powers plaintiffs sell their plane before they comply with the AD, they now have a plane with a reduced value and will have to sell it at a reduced price as a result of the outstanding AD obligation. Therefore, the plaintiffs have satisfied the injury component of the actual case or controversy requirement.

## Unjust Enrichment

The defendants move to dismiss the plaintiffs' unjust enrichment claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, arguing that: (1) the plaintiffs are indirect purchasers who cannot make an unjust enrichment claim; (2) the defendants' engines were sold with a warranty, and under Pennsylvania law, there can be no equitable claim for unjust enrichment when there is a written or express contract; and (3) the defendants have not been *unjustly* enriched because they have greatly discounted the price of a crankshaft replacement.

In examining a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), we accept all of the well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Carino v. Stefan*, 376 F.3d

156, 159 (3d Cir. 2004). Dismissal under 12(b)(6) can be granted only if the plaintiff cannot obtain relief under any set of facts. *Leamer v. Fauver*, 288 F.3d 532, 547 (3d Cir. 2002).

The elements of a claim for unjust enrichment are: (1) benefits conferred on the defendant by the plaintiff; (2) appreciation of such benefits by the defendant; and (3) retention of such benefits under circumstances where it would be inequitable for the defendant to retain the benefit without payment of value. *Temple Univ. Hosp., Inc. v. Healthcare Mgmt. Alternatives, Inc.*, 832 A.2d 501, 507 (Pa. Super. 2003); *Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 447 (3d Cir. 2000). Viewing the allegations in the light most favorable to the plaintiffs, the complaint sufficiently states a cause of action for unjust enrichment.

The amended complaint sets forth all the elements of an unjust enrichment claim. The plaintiffs need not have purchased the product at issue directly from Lycoming to have "conferred benefits on the defendant." *See Com. ex rel. Pappert v. Tap Pharm. Prods., Inc.*, 885 A.2d 1127, 1137-38 (Pa. Commw. 2005); *D.A. Hill Co. v. CleveTrust Realty Investors*, 573 A.2d 1005, 1009 (Pa. 1990); *Baker v. Family Credit Counseling Corp.*, 440 F. Supp. 2d 392, 420 (E.D. Pa. 2006). In addition, although Pennsylvania law prohibits recovery under the theory of unjust enrichment if the relationship between the parties is governed by a written contract, *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006), plaintiffs are permitted to plead their unjust enrichment claim as an alternative to their breach of contract claim. *Indep. Enters. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1175 (3d Cir. 1997) (observing that Fed. R. Civ. P. 8(e)(2) "permits inconsistency in both legal and factual allegations); *Baker*, 440 F. Supp. 2d at 420. At this stage of the litigation, the plaintiffs may plead inconsistent theories and may seek

alternative forms of relief.

Finally, the plaintiffs have adequately pled that the defendants have been *unjustly* enriched. Even assuming the defendants have reduced the price of a crankshaft replacement, plaintiffs will still bear the remaining costs of replacing the crankshaft as well as the other costs associated with the replacement.

## Statute of Limitations

The defendants contend that because the Powers plaintiffs had a crankshaft installed during an overhaul in April of 2002, and did not file the lawsuit until July 10, 2006, the four-year limitations period for filing warranty and unjust enrichment claims render them time-barred. Regarding the warranty claim, the defendants cite 13 Pa. C.S.A. § 2725, which provides that the four-year statute of limitations for a breach of contract for sale runs from when the breach occurs, and that a breach of warranty occurs when delivery of the subject product is tendered, "regardless of the aggrieved party's lack of knowledge of the breach." 13 Pa. C.S.A. §§ 2725(a) and (b). Regarding the unjust enrichment claim, citing 42 Pa. C.S.A. § 5525(a)(4), which provides that a four-year statute of limitations applies to such a claim, the defendants argue that a claim for unjust enrichment accrues when the defendant receives and retains benefits regardless of the defendant's knowledge of the benefit conferred.

The four-year statute of limitations for warranty claims typically runs from delivery of the product regardless of when the plaintiff learned of the breach. The statute of limitations is tolled, however, if the defendant fraudulently concealed the product's defects. *Northampton Cty. Area Cmty. Coll. v. Dow Chem., U.S.A.*, 566 A.2d 591, 599-600 (Pa. Super. 1989). The same tolling occurs with respect to the limitations period applicable to

an unjust enrichment claim. *Harry Miller Corp. v. Mancuso Chems., Ltd.*, 469 F. Supp. 2d 303, 316-17, 319 (E.D. Pa. 2007); *Northampton*, 566 A.2d at 600 ("Where by fraud or concealment the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations"); *Molineaux v. Reed*, 532 A.2d 792, 794 (Pa. 1987) ("the defendant's conduct need not rise to fraud or concealment in the strictest sense, that is, with an intent to deceive; unintentional fraud or concealment is sufficient").

The plaintiffs allege that the defendants had known that the crankshafts subject to MSBs 569 and 569A were also defective when they had issued the earlier MSBs. Therefore, based on the allegation of fraudulent concealment, the statute of limitations was tolled on both claims until MSB 569 was issued on February 21, 2006.

**Motion to Dismiss Textron, Inc.**

Plaintiffs name three defendants: Lycoming Engines, a division of AVCO Corporation; AVCO Corporation ("AVCO"); and Textron, Inc. According to the amended complaint, Lycoming Engines is an operating division of AVCO, which is a wholly-owned subsidiary of Textron, Inc. The plaintiffs allege that the "exact role that Textron plays in the management of Defendants AVCO and Lycoming, and the role that Textron played in the actions and omissions that are at issue in this case, are unknown to Plaintiffs at present" and that plaintiffs "believe and therefore aver that Defendant Textron monitored the performance of the crankshafts, knew of their failures, and proposed design changes after the failures were reported, but did not insist on those changes, and allowed Defendants

Lycoming and AVCO to follow the course of conduct described above."[4]

The defendants argue that the plaintiffs have failed to state a basis for Textron's liability. They point out that plaintiffs do not allege that Textron designed, manufactured, marketed or sold the aircraft engines at issue, but merely allege that Textron is the parent corporation of the other two defendants, knew of the crankshafts' failures and did not insist that its subsidiaries correct the defect.

Textron is correct. The plaintiffs have failed to allege any basis on which to hold Textron liable. They have not alleged any duty or responsibility on Textron's part to correct or make known the defect. Nor do they allege facts sufficient to disregard the corporate form and hold Textron liable on an alter ego theory. *See Botwinick v. Credit Exch., Inc.*, 213 A.2d 349, 353-54 (Pa. 1965) (to warrant piercing the veil on an alter-ego theory, a plaintiff must demonstrate that the parent company exercised complete domination of finances, policy and business practice in respect to the conduct at issue such that the subsidiary had, at the time, no separate mind, will or existence of its own); *Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 150 (3d Cir. 1988) (because it "is assumed to be the norm that a parent will have not only the potential to exercise control over the subsidiary, but to exercise it to a substantial degree," some exercise of control is not enough to establish dominance). Hence, alleging that Textron was aware of the defects, proposed design changes and allowed Lycoming to continue to sell the defective crankshafts, and failing to allege and show that Textron exercised the domination and control over its subsidiaries to warrant piercing the corporate veil or create liability, there is no basis for claims against

---

[4] *Amended Compl.* ¶¶ 15, 37.

Textron, Inc.

## Conclusion

Defendants' motion to dismiss will be denied except insofar as it seeks to dismiss Textron, Inc. as a defendant.